IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LAKELAND DEVELOPMENT GROUP, LLC, <br> Plaintiff <br><br> vs. <br><br> GENERAL STAR INDEMNITY COMPANY, EASTLAND CLAIM SERVICES, INC., AND DAVID A. BEAVER, <br> Defendants | § § § § § § § § § § § | Case No. _____ |

## NOTICE OF REMOVAL

COME NOW, Defendants General Star Indemnity Company, Eastland Claim Services, Inc. and David A. Beaver (hereinafter, referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to reserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and file this Notice of Removal of Cause No.:2010-56761; *Lakeland Development Group, LLC v. General Star Indemnity Company, Eastland Claim Services, Inc. and David A. Beaver.*; pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) from the 11th Judicial Court of Harris County, Texas to the United States District Court Southern District of Texas, and in support hereof respectfully shows:

## BACKGROUND

1. On September 8, 2010, Plaintiff Seven Lakeland Development Group, LLC ("Plaintiff") filed its Petition in the 11th Judicial District Court of Harris County, Texas. Plaintiff alleges its business property suffered damages during Hurricane Ike. The Petition sets forth claims against Defendants for breach of contract, breach of good faith and fair dealing, violations of the Texas Insurance Code and fraud. The Petition seeks compensatory damages and attorney's fees.

2. Defendant General Star Indemnity Company was served through the Texas Commissioner of Insurance's office on October 1, 2010. Defendants Eastland Claim Services, Inc. and David A. Beaver were both served by certified mail, return receipt at 1010 Wethersfield Avenue, Suite 206, Hartford, Connecticut 06114 on October 5, 2010. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

3. The State Court proceeding bears Docket No. 2010-56761. Pursuant to Local Rule 81, the following documents are attached hereto as Exhibit "A": a list of all counsel of record including addresses, telephone numbers and parties represented; a copy of the state court docket sheet; all orders signed by the state court judge; a copy of all executed process in the case; and a copy of all pleadings that assert causes of action.

4. The Notice is properly filed in the United States District Court for the Southern District of Texas because the Petition was filed in the District Court of Harris County, Texas and alleges that the events or omissions giving rise to the purported claims occurred in this judicial district. 28 U.S.C. § 1391(a)(2). This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## GROUNDS FOR REMOVAL

5. Federal Courts have diversity jurisdiction over matters where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332 and 1441. In this matter, diversity of citizenship is established. Additionally, the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a).

## DIVERSITY OF CITIZENSHIP

6. There is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff is a Texas corporation doing business in the state of Texas. Defendant General Star Indemnity Company is an insurance company formed under the laws of the State of Connecticut with its principal place of business located in Stamford, Connecticut. Defendant Eastland Claim Services is a corporation formed under the laws of the State of Connecticut with its principal places of business located in Hartford, Connecticut. Defendant David A. Beaver is an individual residing in the State of Connecticut. Therefore, there is complete diversity between the parties. 28 U.S.C. §§ 1332(a).

## AMOUNT IN CONTROVERSY

7. Generally, the amount in controversy in a given action is determined from the Complaint itself, unless it appears that the amount stated in the Complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961). When the complaint does not include the amount of damages sought, the Fifth Circuit has held that the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant may prove the amount exceeds $75,000 in one of several ways: (1) by showing that it is facially apparent from the Petition that the claims are more than $75,000, or (2) by setting out facts supporting a finding that the amount in controversy has been met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). It is the sufficiency of jurisdictional facts supporting removal *at the time the case is removed* that are key to the analysis. *Gebbia*, 233 F.3d at 883. In this case, in the aggregate, the amount in controversy exceeds $75,000. Defendant General Star Indemnity Company previously paid Plaintiff $782,215.48 for its loss.

Plaintiff is now claiming Defendants denied its claim for repairs of the Property, living expenses and damage to personal property as a result of Hurricane Ike, which based upon the severity of damage to Plaintiff's property, would necessarily exceed $75,000. Furthermore, it is apparent that Plaintiff will now attempt to recover withheld depreciation in the amount of $226,784.52. This amount clearly exceeds $75,000.

8. In addition to contractual damages of an unstated amount, Plaintiff is also seeking: pre-judgment and post-judgment interest, consequential damages, attorney's fees, expenses, treble damages, statutory interest and exemplary damages. Attorney's fees and exemplary damages both must be considered when determining the amount in controversy. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (stating that attorney fees must be considered in determining the amount in controversy); *Allen*, 63 F.3d at 1336 (allowing consideration of punitive damages). Accordingly, Plaintiff's claim exceeds $75,000 and, as such, federal diversity jurisdiction exists. Defendants are entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

## JURY DEMAND

9. Plaintiff did not demand a jury trial in the state court suit.

## CONCLUSION

10. This Court has jurisdiction in this case, as complete diversity exists among the parties and Defendants have shown by a preponderance of the evidence that the amount in controversy for federal diversity jurisdiction is satisfied.

11. Promptly after filing this Notice of Removal, Defendants shall cause a true and correct copy of the same to be filed with the Clerk of the 11th Judicial District Court of Harris County, Texas in accordance with 28 U.S.C. § 1446(d), as well as provide Plaintiff with a copy

of the same. Defendants reserve the right to amend this Notice of Removal as deemed necessary or appropriate.

Respectfully Submitted,

**EGGLESTON & BRISCOE, LLP**
4800 Three Allen Center
Houston, Texas 77002
713/659-5100 - Telephone
713/951/9920 - Facsimile

By:  /s/ W. Montgomery Briscoe
W. Montgomery Briscoe
Federal Bar No.:  7004


ATTORNEY FOR DEFENDANTS,
GENERAL STAR INDEMNITY COMPANY and
EASTLAND CLAIM SERVICES, INC.
and DAVID A. BEAVER

## CERTIFICATE OF SERVICE

I certify that on this 1st day of November 2010, a true and correct copy of the foregoing was forwarded via telecopier and/or United States certified mail - return receipt requested to the following:

Rick Carrasco
Rick Carrasco & Associates, P.L.L.C.
1616 Fountain View Dr.
Suite 611
Houston, Texas 77057
Fax: 713.484-8833

 /s/ W. Montgomery Briscoe
W.  Montgomery Briscoe